OPINION
{¶ 1} Plaintiff-appellant Stacy Vorachek, formerly known as Stacy Proctor, appeals from an order of the Greene County Common Pleas Court, Domestic Relations Division, awarding both of the dependency exemptions for her children, for federal tax purposes, to defendant-appellee Richard Proctor. She contends that the award of the dependency exemptions to Proctor constitutes an abuse of discretion.
 {¶ 2} The trial court awarded the dependency exemptions to Proctor, but also made an offsetting decision not to reduce the child support Proctor was ordered to pay, under the statutory child support guidelines, to reflect his extraordinary travel expenses as a resident of Illinois exercising visitation in Ohio. The trial court concluded that the effect of these two decisions would be to spread federal income tax benefits to both of the households in which the children reside, thereby benefitting the children. We find that the trial court's conclusion in this regard is not unreasonable, and therefore does not constitute an abuse of discretion. Accordingly, the order from which this appeal is taken is Affirmed.
 I {¶ 3} Vorachek and Proctor were married in 1996, and separated in 2002. They have two children, Bryce Proctor, born October 17, 1996, and Brittney Proctor, born March 30, 1998. Vorachek and Proctor were divorced in Arkansas, by a decree filed December 11, 2002. That decree awarded the parties joint custody of their children. Later orders in Arkansas awarded sole custody of the children to Vorachek, and ordered Proctor to pay child support.
 {¶ 4} During the pendency of a motion by Vorachek to modify the child support order in Arkansas, Proctor petitioned to register the original divorce decree and subsequent *Page 3 
orders in the Greene County Common Pleas Court, Domestic Relations Division, Vorachek and the children having come to reside in Greene County, Ohio. Proctor now resides in Illinois.
 {¶ 5} Both parties have remarried. Proctor and Vorachek's new husband both have substantial income. Vorachek asserts, and Proctor does not dispute, that the level of taxable income in each household, assuming that Vorachek files jointly with her new husband, is at an amount where the effect to each household of the dependency exemptions is the same — whichever party is to be awarded the dependency exemptions for the children would realize a federal income tax savings of $1,700.
 {¶ 6} Pending motions to modify the parenting time order, to increase child support, and to award the federal income tax dependency exemptions to Proctor came on for a hearing in July, 2007, at which time Proctor withdrew his motion to modify the parenting time order. By order rendered August 13, 2007, the trial court increased child support to a total amount, including administrative fees, of $1,430.42.
 {¶ 7} By entry filed October 2, 2007, the trial court awarded the federal income tax dependency exemptions to Proctor. From that order, Vorachek appeals, contending that it constitutes an abuse of discretion.
 II {¶ 8} Vorachek's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING THE INCOME TAX EXEMPTION FOR BOTH OF THE PARTIES' CHILDREN TO THE FATHER OBLIGOR WHERE THE TRIAL COURT FAILED TO CONSIDER THE *Page 4 
FACTORS IN R.C. 3119.82 AND WHERE THE TRIAL COURT'S FACTUAL FINDINGS ARE CONTRARY TO THE EVIDENCE PRESENTED AT THE HEARING."
 {¶ 10} R.C. 3119.82, upon which Vorachek relies, provides as follows:
 {¶ 11} "Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the `Internal Revenue Code of 1986,'100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, anynet tax savings, the relative financial circumstances and needs of theparents and children, the amount of time the children spend with eachparent, the eligibility of either or both parents for the federal earnedincome tax credit or other state or federal tax credit, and any otherrelevant factor concerning the best interest of the children.
 {¶ 12} "* * * ." (Emphasis added.)
 {¶ 13} Vorachek first argues that the order of the trial court does not cite, or explicitly *Page 5 
refer to, R.C. 3119.82. Vorachek cites no authority for the proposition that the trial court is required to refer to the statute, and we are aware of none. The presumption of regularity that normally attaches to proceedings in the trial court requires us to assume that the trial court considered R.C. 3119.82 in making its decision.
 {¶ 14} In its order awarding the dependency exemptions to Proctor, the trial court held:
 {¶ 15} "Pursuant to R.C. 3119.23 the Court may consider the current spouse income and the benefits the Plaintiff receives from it. The Court must consider he best interests of the children when it awards the dependency exemption. The parties live in different states and extensive travel is required to participate in parenting time. Normally the traveling parent would receive a deviation in child support to offset the cost of transporting the children to the distant location. The Court finds it is in the children's best interest to compensate the Defendant with the dependency exemptions in lieu of a child support deviation, pursuant to R.C. 3119.23.
 {¶ 16} "Awarding the dependency exemption to the Defendant enables him to retain approximately $3,200 [sic] per year in his household. This also eliminates the need to deviate or lower the Plaintiffs non-taxable child support award, thereby retaining additional funds in her household to be used for the children's benefit. It is clearly in the children's best interests to retain as much income as possible in each household for the children's use while in that parent's care. Therefore the Plaintiff's motion is OVERRULED and the dependency exemption for both children is awarded to the Defendant. Since there is no need for further delay, this maybe [sic] a FINAL APPEALABLE ORDER.
 {¶ 17} "SO ORDERED." (Bolding in original.) *Page 6 
 {¶ 18} Essentially, the trial court decided to give the tax savings corresponding to the award of the dependency exemptions to Proctor, but to give Vorachek an offsetting benefit by not reducing the child support award from the guideline amount in recognition of Proctor's extraordinary travel expenses, living in Illinois. Proctor testified that it costs him from $400 to $500 per month to exercise his parenting time. Although the parties split the expenses of transportation when visitation is for more than seven days, Proctor has up to ten scheduled visits per year of less than seven days' duration, when he is solely responsible for transportation.
 {¶ 19} By Vorachek's calculation, which Proctor does not dispute, the tax savings resulting from the award of the dependency exemptions is $1,700 per year, not $3,200 per year. But if the trial court overvalued the benefit conferred by its order upon Proctor, in deciding that it was equitable to offset that benefit against the benefit conferred by not reducing the child support awarded to Vorachek (likewise, an after-tax amount), that error would have been prejudicial to Proctor, not to Vorachek.
 {¶ 20} Upon this record, we conclude that the trial court's decision to spread the federal tax savings to both of the households where the children reside, in the manner that it did, does not constitute an abuse of discretion. Vorachek's sole assignment of error is overruled.
 III {¶ 21} Vorachek's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. *Page 7 
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1